UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JOSEPH N. NANCE, | ) |
| Petitioner, | ) ) ) |
| v. | ) No.: 3:21-MC-52-TAV-DCP ) |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) ) |

## MEMORANDUM OPINION

This action arose when Petitioner, a prisoner, filed a pro se motion for extension of time to file a petition for a writ of habeas corpus pursuant to § 2254 [Doc. 1]. On July 30, 2021, the Court entered an order noting that Petitioner had not filed any complaint or petition with the Court or presented the Court with the relevant information for the Court to rule on any such motion, and it therefore denied Petitioner's motion for extension without prejudice and directed the Clerk to send Petitioner the relevant forms to proceed *in forma pauperis* and a form § 2254 petition [Doc. 2].

However, more than thirty days passed, and Petitioner did not file a petition for habeas corpus relief or a motion for leave to proceed *in forma pauperis*. Accordingly, on September 1, 2021, the Court entered an order requiring Petitioner to show good cause as to why the Court should not dismiss this action within fifteen days of entry of this order and notifying Petitioner that failure to comply would result in dismissal of this action [Doc. 3]. Petitioner did not comply with this order or otherwise communicate

with the Court. Accordingly, for the reasons set forth below, this matter will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, the Court finds that Petitioner's failure to comply with the Court's previous order was due to his willfulness or fault, as it appears that he received that order but did not respond. As to the second factor, the Court finds that Petitioner's failure to comply with the Court's order has not yet prejudiced Respondent, as the Court has not served this action on Respondent, but notes that Petitioner has failed to present any claims or arguments in a manner that would allow Respondent or the Court to evaluate them. As to the third factor, as noted above, the Court's previous order notified Petitioner that failure to timely comply would result in dismissal of this action [Doc. 3 p. 1]. Finally, as to the fourth factor, the Court finds that alternative sanctions are not warranted, as Petitioner failed to comply with the Court's instructions and does not appear to seek to prosecute this

2

case. On balance, the Court finds that these factors support dismissal of this action under Rule 41(b).

The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Petitioner's pro se status prevented him from complying with the Court's order [*Id.*] and Petitioner's pro se status does not mitigate the balancing of factors under Rule 41(b).

The Court must now decide whether to grant Petitioner a certificate of appealability ("COA"). A COA should issue where a petitioner makes a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on a procedural basis without reaching the underlying claim, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court is dismissing this petition because Petitioner failed to prosecute this action, a procedural ground. Reasonable jurists could not find that this dismissal is debatable or wrong. Accordingly, a certificate of appealability shall not issue. Also, the

Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE